IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LANA K. ROSSELLI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.:    4:15-CV-00669 |
| v. | ) | |
| | ) | |
| ACE CASH EXPRESS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER AND DEFENSES

COMES NOW Defendant ACE Cash Express, Inc. ("Defendant") and for its Answer to the Complaint of Lana K. Rosselli ("Plaintiff"), respectfully states as follows:

## COUNT ONE – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

1.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

2.      Defendant admits the allegations in paragraph 2.

3.      Defendant denies the allegations in paragraph 3.

4.      Defendant denies the allegations in paragraph 4.

5.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5.

6.      Defendant denies the allegations in paragraph 6.

7.      Defendant states that the allegations in paragraph 7 call for conclusions of law to which no answer is required.

8.      Defendant states that the allegations in paragraph 8 call for conclusions of law to which no answer is required.

9.      Defendant states that the allegations in paragraph 9 call for conclusions of law to which no answer is required.  Defendant denies the remaining allegations in paragraph 9.

10.     Defendant states that the allegations in paragraph 10 call for conclusions of law to which no answer is required.  Defendant denies the remaining allegations in paragraph 10.

11.     Defendant states that the allegations in paragraph 11 call for conclusions of law to which no answer is required.  Defendant denies the remaining allegations in paragraph 11.

12.     Defendant states that the allegations in paragraph 12 call for conclusions of law to which no answer is required.  Defendant denies the remaining allegations in paragraph 12.

13.     Defendant denies the allegations in paragraph 13.

14.     Defendant denies the allegations in paragraph 14.

15.     Defendant denies the allegations in paragraph 15.

16.     Defendant states that the allegations in paragraph 16 call for conclusions of law to which no answer is required.  Defendant denies the remaining allegations in paragraph 16.

17.     Defendant states that the allegations in paragraph 17 call for conclusions of law to which no answer is required.  Defendant denies the remaining allegations in paragraph 17.

18.     Defendant states that the allegations in paragraph 18 call for conclusions of law to which no answer is required.  Defendant denies the remaining allegations in paragraph 18.

19.     Defendant states that the allegations in paragraph 19 call for conclusions of law to which no answer is required.  Defendant denies the remaining allegations in paragraph 19.

With respect to the allegations in Plaintiff's prayer for relief related to Count One, Defendant states that they call for conclusions of law to which no answer is required.  Defendant denies any remaining allegations in Plaintiff's prayer for relief.

## Count II – Unlawful Practices Under the Missouri Merchandising Practices Act

20.     Defendant incorporates its responses to paragraphs 1-19 above as if fully set forth herein.

21.     Defendant states that the allegations in paragraph 21 call for conclusions of law to which no answer is required.

22.     Defendant denies the allegations in paragraph 22.

23.     Defendant denies the allegations in paragraph 23.

24.     Defendant states that the allegations in paragraph 24 call for conclusions of law to which no answer is required.  Defendant denies the remaining allegations in paragraph 24.

25.     Defendant states that the allegations in paragraph 25 call for conclusions of law to which no answer is required.  Defendant denies the remaining allegations in paragraph 25.

26.     Defendant denies the allegations in paragraph 26.

27.     Defendant denies the allegations in paragraph 27.

28.     Defendant denies allegations in paragraph 28.

With respect to the allegations in Plaintiff's prayer for relief related to Count Two, Defendant states that they call for conclusions of law to which no answer is required.  Defendant denies any remaining allegations in Plaintiff's prayer for relief.

## Count III - Fraud

29.     Defendant incorporates its responses to paragraphs 1-28 above as if fully set forth herein.

30.     Defendant states that the allegations in paragraph 30 call for conclusions of law to which no answer is required.  Defendant denies the remaining allegations in paragraph 30.

31.     Defendant states that the allegations in paragraph 31 call for conclusions of law to which no answer is required.  Defendant denies the remaining allegations in paragraph 31.

32.     Defendant states that the allegations in paragraph 32 call for conclusions of law to which no answer is required.  Defendant denies the remaining allegations in paragraph 32.

33.     Defendant states that the allegations in paragraph 33 call for conclusions of law to which no answer is required.  Defendant denies the remaining allegations in paragraph 33.

34.     Defendant states that the allegations in paragraph 34 call for conclusions of law to which no answer is required.  Defendant denies the remaining allegations in paragraph 34.

35.     Defendant states that the allegations in paragraph 35 call for conclusions of law to which no answer is required.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 35.

36.     Defendant states that the allegations in paragraph 36 call for conclusions of law to which no answer is required.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 36.

37.     Defendant states that the allegations in paragraph 37 call for conclusions of law to which no answer is required.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 37.

38.     Defendant states that the allegations in paragraph 38 call for conclusions of law to which no answer is required.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 38.

39.     Defendant denies the allegations in paragraph 39.

With respect to the allegations in Plaintiff's prayer for relief related to Count Three, Defendant states that they call for conclusions of law to which no answer is required.  Defendant

denies any remaining allegations in Plaintiff's prayer for relief.

## DEFENSES

In further answering Plaintiff's Petition and for its defenses, Defendant ACE Cash Express, Inc. states:

A.    That Plaintiff and her counsel are aware that Defendant is not the proper party to this lawsuit.

B.    That Plaintiff and her counsel are aware that the d/b/a's attributed to Defendant on her Petition are incorrect.

C.    That the factual contentions in Plaintiff's Petition have no evidentiary support.

## PRAYER

**WHEREFORE,** Defendant requests the following relief:

A.    That Plaintiff take nothing by reason of her suit;

B.    That all Plaintiff's claims be dismissed;

C.    That Defendant be awarded costs incurred for defending this action;

D.    That Defendant have such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled.

Dated this 29th day of April, 2015.

Respectfully Submitted,


KLAR, IZSAK & STENGER, LLC


By: ___/s/ Nicole Burlison Knepper___
        NICOLE BURLISON KNEPPER, #60025MO
        DANIEL T. BATTEN, #58810MO
        *Attorneys for Defendant*
        1505 S. Big Bend Boulevard
        St. Louis, Missouri 63117
        Phone:   (314) 863-1117
        Fax:     (314) 863-1118
        Email:   nknepper@lawsaintlouis.com
                dbatten@lawsaintlouis.com


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 29th day of April, 2015, the foregoing Defendant's Answer and Defenses was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing to the following attorney of record:

        Riezmen Berger, PC
        **Attn: Nicholas Higgins, Esq.**
        *Attorney for Plaintiff*
        7700 Bonhomme, 7th Floor
        Clayton, MO 63105
        Email: ngh@riezmanberger.com


                        /s/ Nicole Burlison Knepper

6